UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>                    Plaintiff,<br><br>    v.<br><br>STATE OF IDAHO, WARDEN ALBERTO RAMIREZ, PSYCHIATRIST SCOTT ELIASON, MS. L. WATSON, NICOLE MENEAR, and IMSI PSYCHIATRIC SERVICES,<br><br>                    Defendants. | Case No. 1:21-cv-00201-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Federico Paz's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. Dkt. 1, 3. Having reviewed the record, the Court enters the following Order requiring additional information from Defendants and further screening.

1. **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against the government or its representatives to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the Supreme Court has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate

indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).

3. **Factual Allegations**

Among other related allegations, Plaintiff asserts that prison psychiatrist Scott Eliason refused to reinstate Plaintiff's necessary medications including: "(a) ingrezza for side affects; (b) seriovital for sleeping disorder – can't sleep; (c) austeda for suicide thoughts; (d) Prevegen for mind improvement, and (e) nextuim for heartburn" Dkt. 16, p. 2 (original spelling maintained; numbering and punctuation altered). The Court construes this set of allegations as an Eighth Amendment cruel and unusual punishment claim for failure to provide Plaintiff was proper medical and mental health treatment.

4. **Discussion**

In an effort to obtain additional factual information to properly review this matter,

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

the Court will order Defendant Scott Eliason to provide a Martinez report to address Plaintiff's allegations that he is being denied medications for serious medical conditions. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a screening determination under § 1915(a). *Id*. at 319. The Ninth Circuit approved the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

All relevant exhibits addressing these issues that are requested by the Court or identified by Dr. Eliason or counsel, should be attached to the report. The Martinez report shall be filed within 60 days. Plaintiff may file a response to the Martinez report within 30 days after receiving it. Thereafter, the Court will issue a successive review order determining whether Plaintiff has stated a claim under the Eighth Amendment upon which he can proceed.

Plaintiff's various pending motions are addressed below. Plaintiff shall not file anything further before the Martinez report is filed. After the Martinez report is filed he shall file only one response, and no other motions. All unauthorized filings may be stricken.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Consider Sufficient Pleading on Allegations (Dkt. 8) is DENIED. Plaintiff is not permitted to challenge his conviction in a civil rights action.

2. Plaintiff's Motion to Recognize Bad Discretion and Miscarriage of Justice and Recognize Adversies [sic] and to Include Exhibits (Dkt. 9) is DENIED as an improper attempt to appeal a prior decision of United States District Judge B. Lynn Winmill.

3. Plaintiff's Motion for Filing of Papers and Exhibits (Dkt. 13), requesting service on Defendants, is DENIED as MOOT.

4. Plaintiff's Motion to Add Exhibits and Try Together of All Complaints and Information (Dkt. 14) is DENIED. Plaintiff is not permitted to challenge his conviction in a civil rights action.

5. Plaintiff's Motion for Service and Filing of Papers and Exhibits (Dkt. 15) is DENIED. The Affidavit accompanying this Motion concerns the time period 1965-1981 and has nothing to do with the claims in the Amended Complaint.

6. Plaintiff's second and third Motions for in Forma Pauperis Status (Dkts. 5, 11) are DENIED as MOOT.

7. Within **60 days** after entry of this Order, Defendant Dr. Scott Eliason shall make a limited special appearance and provide the following to Plaintiff and the Court in the form of a Martinez report: (1) a copy of Plaintiff's relevant medical records; (2) a copy of his grievance and grievance appeal regarding the claims of lack of medication; and (3) a short statement on the current status of his medical and mental health conditions, including information regarding the most recent date he was seen by a medical provider, what treatment he received, and whether his medical

complaints have been resolved, or if not, what treatment is planned in the future to try to resolve the conditions.

8. Within **30 days** after the filing of the Martinez report, Plaintiff may file a response to the Report.

9. The Clerk of Court shall provide an electronic copy of this Order, the Amended Complaint (Dkt. 16), to Attorneys J. Kevin West and Dylan A. Eaton at their registered CM/ECF addresses.

DATED: September 1, 2021

David C. Nye
Chief U.S. District Court Judge